# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **PAUL W. MULLINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00011 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pamela A. Counts, Lee & Phipps, PC, Wise, Virginia, for Plaintiff; Victor Pane, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff Paul W. Mullins filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claims for disability insurance benefits ("DBI") and social security income ("SSI") pursuant to title XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-433, 1381-1383d (West 2003 & Supp. 2010). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Mullins filed for benefits on May 12, 2006, alleging he became disabled April 21, 2002, due to chronic pain, depression, and anxiety caused by a fall from a cliff. Mullins was insured through December 31, 2003. His claim was denied initially and upon reconsideration. At his request, Mullins received a hearing before an administrative law judge ("ALJ"), during which Mullins, represented by counsel, and a vocational expert testified. The ALJ denied Mullins' claim, and the Social Security Administration's Appeals Council denied Mullins' Request for Reconsideration. Mullins then filed his Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Mullins was born on April 2, 1981, making him a younger person under the regulations. 20 C.F.R. § 404.1563(c) (2010). He attended 12th grade in high school but did not graduate. He has a GED. He has previously worked at restaurants as a cook, a cashier, and a busboy. Between April 2002 and February 2006, when Mullins was injured in a car collision, he had several unsuccessful work attempts as a restaurant worker. He currently lives with family members.

The ALJ determined that Mullins suffered from several severe impairments: status post fractures of right knee and left tibia and compression fracture of the lumbar spine, chronic leg pain, bilateral knee pain, chronic low back pain, and adjustment disorder with depression and anxiety. The ALJ determined that Mullins has the capacity to do light work and can perform his past relevant work as a fast food worker. Mullins can lift and/or carry 45 pounds maximally and 20 pounds frequently, can sit eight hours in an eight-hour workday with positional changes every two hours, can stand eight hours in an eight-hour workday with positional changes every two hours, can walk five hours in an eight hour workday with positional changes every two hours, and does not require a cane. Mullins cannot do repetitive stair stepping or ladder climbing and can only do occasional stooping, crouching, or crawling and some kneeling. Mullins has a "fair" ability to relate to co-workers, deal with the public, use judgment with the public, interact with supervisors, deal with work stresses, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. The ALJ concluded that Mullins would be absent from work one day or less per month.

## III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing DBI and SSI claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared

with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.* at 869.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinbarger*, 538 F.2d 1054, 1956-57 (4th Cir. 1976). It is not the role of this court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Mullins argues that the ALJ did not give full consideration to medical findings regarding the severity of his mental impairments. Ralph Ramsden, Ph.D., performed a psychological evaluation of Mullins. Dr. Ramsden concluded that Mullins would be absent from work for more than two days a month due to his limitations. Based on that assessment, Mullins challenges the ALJ's determination that Mullins would

5

be absent from work for one day or less per month. The factors to be considered when determining how much weight a source's opinion should be afforded are outlined in 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2010).

The ALJ rejected Dr. Ramsden's conclusion about Mullins' absenteeism because the opinion was unsupported by the record. *See* 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3). The Commissioner will afford more weight to opinions of medical sources who provide relevant evidence, particularly medical signs and laboratory findings, to support their opinions. *Id.* Dr. Ramdsen did not provide any medical or clinical findings to support his assessment of Mullins' impairments. Furthermore, Dr. Ramdsen's clinical notes do not indicate that Mullins has the inability to appear for work more than two days a month. Although Mullins may have some difficulty with reliability in the work setting, the ALJ did not err in deciding that the evidence does not support the degree of absenteeism that Dr. Ramdsen asserts.

Other factors also weigh in favor of the ALJ's decision. Dr. Ramsden only met with Mullins one time prior to providing his assessment. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (regarding the treatment relationship). Additionally, there are no other opinions in the record that support Dr. Ramdsen's conclusion that Mullins would be absent from work more than two days in a month.

*See* 20 C.F.R. §§ 404.1527(d)(4) and 416.927(d)(4) (regarding consistency). The Commissioner has the final responsibility for determining a claimant's residual functional capacity and is not bound by medical opinion. 20 C.F.R. §§ 404.1527(e)(2) and 416.927(e)(2). Here, the ALJ's determination that Mullins would be absent one day or less in every month was supported by substantial evidence.

Mullins also argues that the hypothetical question posed to the vocational expert was improper. Particularly, Mullins contends that the ALJ should have clarified that the term "fair" with regard to Mullins' work-related mental abilities meant that the ability to function is seriously limited. Mullins does not challenge the vocational expert's qualifications. He does not provide any evidence that the vocation expert was mistaken about the meaning of the term "fair," other than his assertion that someone with only "fair" abilities in several areas is unemployable. Moreover, the ALJ referred the vocational expert to Dr. Ramsden's assessment, which provided the definition of the word "fair," and Mullins' attorney at the administrative hearing did not question the vocational expert, although he was provided an opportunity to do so. The question was appropriate.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A judgment will be entered affirming the Commissioner's final decision denying benefits.

ENTER: October 29, 2010

/S/ JAMES P. JONES
United States District Judge